OPINION
{¶ 1} Defendant-appellant, Jerry McMeans, appeals from the December 3, 2002 entry of the Franklin County Court of Common Pleas, adjudicating him to be a sexual predator. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In 1989, appellant, at the age of 54, was convicted of five counts of rape. All of the counts are related to sexual conduct with appellant's stepdaughter. Three counts involved fellatio with the victim when she was ages nine and eleven. Two counts involved vaginal intercourse with the victim when she was age nine. Appellant was sentenced to two concurrent and three consecutive life prison terms.
 {¶ 3} On October 11, 2002, the trial court conducted a sexual predator determination hearing pursuant to R.C. Chapter 2950. At the hearing, the state introduced evidence, uncontested by appellant, of copies of the indictment, the jury finding, the judgment of conviction, the trial transcript, and the defendant's prison records, including the post-sentence investigation report. The defense presented the expert testimony of Dr. Kristen Haskins, a psychologist specializing in criminal forensic issues and sexual risk assessment.
 {¶ 4} Dr. Haskins testified that, in February 2002, at the request of defense attorney, she conducted an evaluation of appellant for purposes of assessing the risk of appellant reoffending if granted parole or released from prison. (Tr. 7.) Dr. Haskins interviewed appellant, reviewed his institutional records, the post-sentence investigation, documents to the innocence project, and certain other records. Dr. Haskins also performed numerous tests such as the Hare Psycopathy Checklist Revised (PCL-R), the Minnesota Sex Offender Screening Tool Revised, and the Static 99 test. In her assessment, Dr. Haskins considered appellant's age, prior criminal history, mental status, the number of incidents and the number of victims. Based upon her assessment, Dr. Haskins concluded that appellant was low-risk for future sex offenses. (Tr. 24.) Dr. Haskins noted that appellant had an excellent institutional record with no disciplinary problems. (Tr. 13.)
 {¶ 5} On cross-examination, Dr. Haskins admitted appellant lied to her during the evaluation. (Tr. 11.) The trial court asked Dr. Haskins if the risk assessments were accurate tools if incorrect information was provided. Dr. Haskins indicated that the assessments would become less accurate as more incorrect information was provided. (Tr. 53.) Next, the trial court asked Dr. Haskins if there were any studies indicating that people who offend against children were more likely to reoffend in the future than those who have offended against adults. Dr. Haskins noted that the statistics were divided into incest or familial offenders and that there were different numbers depending upon whether it was incest or nonfamilial. (Tr. 55.) Next, the trial court asked Dr. Haskins if she had read the studies from Oregon and California that Congress had as a part of their report on Megan's law. Dr. Haskins noted she had read some, but was not aware of any studies that indicated that someone who offended against children were more likely to reoffend than someone who offended against adults. (Tr. 56.) Finally, the trial court asked Dr. Haskins whether or not a person who had offended over a period of time was more likely to reoffend than someone who had never offended. Dr. Haskins indicated that offending is the greatest indicator of re-offending. (Tr. 54.)
 {¶ 6} On re-direct, appellant's counsel asked Dr. Haskins whether or not she had consulted with the state's expert who had evaluated appellant and whether her findings were consistent with the state's expert. Appellee objected and the trial court held that Dr. Haskins could not relate any findings based upon what someone else said. (Tr. 63.)
 {¶ 7} At the conclusion of the evidence, the trial court determined by clear and convincing evidence that appellant was a sexual predator. The trial court noted that in making the determination as to whether or not someone is likely to commit another sexually oriented offense, the comparison should be based upon a broader group than who is most likely to reoffend within a group of pedophiles. (Tr. 74.) The trial court also noted that it is concerned that Dr. Haskins' opinion is based upon inaccurate facts. (Tr. 75.) It is from this decision that appellant appeals, assigning the following as error:
 {¶ 8} "[1.] The trial court erred when it prevented the appellant from presenting favorable evidence in his behalf by ruling that the evidence was hearsay and thus not admissible when, as a matter of law, reliable hearsay evidence is admissible in sexual predator hearings pursuant to State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570.
 {¶ 9} "[2.] The trial court erred when it relied upon its memory of facts from a previous study to reject the expert testimony presented by the appellant when the previous study was never admitted into evidence.
 {¶ 10} "[3.] The trial court erred when it determined that the appellant was a sexual predator when the state did not establish by clear and convincing evidence that the appellant is likely to commit a sexually oriented offense after his release from prison."
 {¶ 11} In his first assignment of error, appellant contends that the trial court erred when it rejected the expert testimony as inadmissible hearsay. In particular, appellant argues that the rules of evidence do not apply to sexual predator hearings and therefore all evidence is admissible. We disagree.
 {¶ 12} The rules of evidence do not strictly apply at a sexual predator hearing and reliable hearsay may be used. State v. Cook (1998),83 Ohio St.3d 404. Therefore, although relaxed, the rules of evidence do apply to sexual predator hearings.
 {¶ 13} The trial court has broad discretion in the admission and exclusion of evidence unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby. State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion connotes more than an error of law or judgment; it connotes a decision that was arbitrary, unconscionable, or unreasonable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219; State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 14} Here, appellant contends that the rules of evidence would have allowed Dr. Haskins to testify about the finding of the state's expert. Appellant contends Dr. Haskins' testimony concerning the findings of the state expert is equivalent to the state's evidence. We agree.
 {¶ 15} As noted above, the evidence rules are relaxed for sexual predator hearings. In order to comport with due process, each side must be allowed to use essentially equal forms of hearsay. Wardius v. Oregon (1973), 412 U.S. 470, 474-475, 92 S.Ct. 2066. Therefore, the trial court should have allowed the testimony of Dr. Haskins concerning the state's expert.
 {¶ 16} However, appellant made no proffer of what Dr. Haskins' excluded testimony relative to the state's expert would have been; nor did appellant request to make a proffer in question and answer form. In the absence of a proffer, the exclusion of evidence may not be assigned as error. State v. Rivers (1977), 50 Ohio App.2d 129, 131-132. The absence of proffer is fatal to appellant's claim of error, since appellant cannot show error or material prejudice. State v. Gilmore (1986), 28 Ohio St.3d 190, syllabus. The lack of proffer precludes the court from determining the significance of the excluded testimony. State v. Twyford (2002), 94 Ohio St.3d 340, 343.
 {¶ 17} Since no proffer was made, we are unable to determine whether the trial court's exclusion of the testimony regarding the findings of the state's expert materially prejudiced appellant. For this reason, appellant's first assignment of error lacks merit and is not well-taken.
 {¶ 18} In his second assignment of error, appellant contends that the trial court erroneously relied upon its memory of facts from a previous study to reject the expert's testimony. Specifically, appellant contends the trial court relied upon its memory of the congressional studies of California and Oregon associated with Megan's law.
 {¶ 19} The trial court referred to and asked about various studies while questioning Dr. Haskins, however, there is no evidence that the trial court relied upon these studies as evidence. In fact, on the record we see that the trial court expressly stated that he was not using the studies as evidence. (Tr. 54.) "In a bench trial, trial judges are presumed to rely only upon relevant, material, and competent evidence, in arriving at their judgments." State v. Richey (1992), 64 Ohio St.3d 353,362. As such, appellant's second assignment of error lacks merit and is not well-taken.
 {¶ 20} In his third and final assignment of error, appellant contends that the trial court's determination that he is a sexual predator is against the weight of evidence. Specifically, appellant argues that the evidence does not support the trial court's conclusion that appellant is likely to engage in one or more sexually oriented offenses in the future.
 {¶ 21} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 22} Pursuant to R.C. 2950.09(B) and (C), a trial court holds a hearing to determine whether a defendant, who has been convicted of a sexually oriented offense, is a sexual predator. It must be established by clear and convincing evidence that the defendant is more likely to reoffend. In determining sexual predator status, the trial court considers all "relevant factors" including, but not limited to: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense for which the sentence is to be imposed; (d) whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of a sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 23} An appellate court, in reviewing a finding that appellant is a sexual predator, "must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the clear and convincing standard." State v. Johnson (Sept. 24, 1998), Franklin App. No 97APA12-1585. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Ass'n. v. Massengale (1991),58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 24} A sexual predator proceeding is a civil proceeding. In a civil appeal based upon the weight of the evidence we must presume the factual findings of the trier of fact are correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-90.
 {¶ 25} In this instance, appellant argues that the trial court's decision is in error because the state only presented evidence as to appellant's conviction and the only expert testimony presented indicated appellant was not likely to reoffend. Sufficient evidence was presented to support a finding by clear and convincing evidence that defendant will probably reoffend.
 {¶ 26} A careful review of the record revealed that appellant committed multiple sexually oriented offenses against his stepdaughter when she was a young child; that appellant used cruelty and threats against the victim during the acts; that appellant has refused sex offender treatment, that the acts occurred over a substantial period of time; the appellant has prior criminal convictions and that appellant was at an advanced age when the acts occurred indicating that this behavior may be long ingrained. The record also indicated appellant had engaged in other sexual acts such as frottage, which is rubbing up against a non-consenting person in a sexual manner. (Tr. 12, 13, and 75.)
 {¶ 27} Next, appellant contends that the trial court's determination was not supported by clear and convincing evidence given Dr. Haskins' testimony that appellant is at a low risk to reoffend. In particular, appellant argues that the trial court improperly rejected Dr. Haskins' testimony. We disagree.
 {¶ 28} As indicated from the trial court's statement on the record, it did not find Dr. Haskins' testimony to be persuasive. (Tr. 75.) During the hearing, Dr. Haskins admitted appellant lied to her concerning his prior criminal history, his abuse of alcohol, his use of threats and cruelty during the offenses, and whether he had committed a sex offense in public. (Tr. 27, 41.) The state argued that having accurate answers to these questions might have very well placed appellant in the high-risk category. (Tr. 46.) Further, after finding out appellant lied, Dr. Haskins did not ascertain the truth so that she could accurately score appellant on the psychological assessments. (Tr. 26, 28.)
 {¶ 29} Dr. Haskins left opportunities for the court to disagree with her. She stated that older incest offenders were more likely to reoffend, but she still classified appellant as low-risk. (Tr. 51.) Dr. Haskins also admitted that appellant may have manipulated her during the assessment. (Tr. 52.) Accordingly, we find that the trial court did not abuse its discretion in determining appellant to be a sexual predator. Appellant's third assignment of error lacks merit and is not well-taken.
 {¶ 30} For the foregoing reasons, appellant's first, second, and third assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and WATSON, JJ., concur.